

**FILED**
**Dec 06, 2021**
**08:23 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **RASHARD WRIGHT,** | ) | **Docket No. 2020-08-1004** |
| **Employee,** | ) | |
| **v.** | ) | |
| **APRIL CROWDER,** | ) | **State File No. 68386-2020** |
| **d/b/a MR. P'S BUFFALO WINGS** | ) | |
| **PLUS,** | ) | |
| **Employer.** | ) | **Judge Joshua Davis Baker** |

---

## EXPEDITED HEARING ORDER

---

This Court held an expedited hearing on November 9, 2021, to consider Mr. Wright's request for temporary disability benefits and reimbursement of medical expenses for injuries from severe burns he suffered while working at Mr. P's. He also sought a finding that he is eligible to apply for payment from the Uninsured Employers Fund (UEF). This Court holds he would likely prevail at a final hearing in proving entitlement to temporary disability benefits and reimbursement of medical expenses. However, Mr. Wright is not eligible to apply for payment from the UEF.

### Claim History

On November 21, 2019, Mr. Wright suffered severe burns while changing the fryer oil at Mr. P's. He explained that the restaurant lacked a proper grease transport system, which forced him to empty the grease into pails and carry it out the back door of the restaurant to the grease disposal container. As he exited the back door, he slipped, and hot oil from the pail spilled on him, causing the burns.

Mr. Wright yelled for his coworker for assistance, and one came over to help him remove his grease-covered sweatshirt. When the coworker removed the shirt, Mr. Wright's top layer of skin on his right arm detached and sloughed off with the sweatshirt.

The Crowders had just arrived at the restaurant when the accident happened and came to assist. Mr. Crowder took Mr. Wright to a sink and began running cold water over

his burned arm. He instructed a coworker not to call 9-1-1 but to go to a nearby store and get Neosporin and bandages to cover Mr. Wright's arm. Ms. Crowder directed her husband to take Mr. Wright to a hospital.

Mr. Crowder drove to St. Francis Medical Center, where he dropped Mr. Wright off and then left. The providers at St Francis told Mr. Wright they could not treat his injury and transferred him to a burn unit in downtown Memphis. His father drove him to the burn unit.

Mr. Crowder came to meet Mr. Wright and his father at the burn unit. When he arrived, Mr. Wright told him the burn unit needed the Crowders to fill out insurance paperwork. Mr. Crowder agreed to do so. Although he agreed to have the paperwork completed, no one from Mr. P's completed the insurance paperwork.

Despite the missing paperwork, the providers burn unit treated Mr. Wright's injury, released him and recommended no future treatment unless he experienced pain at the burn site. They also told him he could not work for six to eight weeks. Mr. Wright did not go back to work until January 2, 2020, when he started a job with a new employer.

To support his claim for temporary disability benefits, Mr. Wright testified he worked between thirty-eight and forty hours per week earning $10.50 per hour at Mr. P's, resulting in an average weekly wage of $420.00. He received no pay from Mr. P's for the six weeks and two days he missed from work.

Also, despite assurances from Ms.Crowder, Mr. P's paid none of the medical bills, which totaled $13,079.80.

An investigation by the Bureau showed Mr. P's did not have an active workers' compensation policy at the time of Mr. Wright's injury.

**Findings of Fact and Conclusions of Law**

Mr. Wright seeks future medical benefits, reimbursement for past medical expenses, and temporary disability benefits. To gain those benefits at this expedited hearing, he must provide sufficient evidence showing he would likely prevail at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Mr. P's must pay Mr. Wright's medical bills due to his work injury. Under the Workers' Compensation Law, the employer "shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A). An "injury" means "an injury by

2

accident . . . arising primarily out of and in the course and scope of employment that causes . . . the need for medical treatment." Tenn. Code Ann. § 50-6-102(14).

Here, Mr. Wright's unrefuted testimony shows he suffered severe burns from hot grease while working for Mr. P's. He incurred $13,079.80 in medical bills for treatment of those burns.

The Court finds the treatment he received for his injury to be reasonable and medically necessary. Mr. P's did not pay for the treatment and lacked insurance to cover the costs. Therefore, the Court holds Mr. P's must pay all the bills for the treatment. *See, e.g.*, *Ducros v. Metro Roofing and Metal Supply Co., Inc.*, TN Wrk. Comp. App. Bd. LEXIS 62, at *10 (Oct. 17, 2017) ("[A]n employer who does not timely provide a panel of physicians risks being required to pay for treatment an injured worker receives on his own.").

Mr. P's must also pay Mr. Wright temporary total disability benefits for the time he missed work. Under Tennessee law, an employee who becomes disabled from working due to a workplace injury that prevents him from working for a specific period of time is entitled to compensation. *See Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Providers at the burn unit took Mr. Wright off work for six to eight weeks because of his burns. Mr. Wright did not work from the date of the accident until January 2, 2020, a period of six weeks and two days. He earned $420.00 per week, which translates to a weekly compensation rate of $280.00. Mr. P's shall pay Mr. Wright $1,720.00 in temporary total disability benefits for the time he missed from work.

Having found Mr. Wright is likely to prove he is entitled to benefits; the Court next examines his eligibility for assistance from the UEF. The Bureau has discretion to pay limited temporary disability and medical benefits from the UEF to an employee injured while working for an uninsured employer provided the employee meet certain criteria as follows:

1) He worked for an employer who failed to carry workers' compensation insurance;
2) He suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015;
3) He was a Tennessee resident on the date he was injured;
4) He provided notice to the Bureau of the injury and of the failure of the employer to secure payment of compensation within a reasonable period, but no longer than sixty days after the date of injury.

*See* Tenn. Code Ann. § 50-6-801(d)(4).

Mr. Wright offered proof of items one through three: he worked for an uninsured employer, was injured after July 1, 2015, and resided in Tennessee on the date of injury. Unfortunately, Mr. Wright failed to comply with the fourth criterion, as his notice came too late. He was injured on November 21, 2019, but did not file a petition for benefit determination until October 16, 2020. Also, the Bureau's investigation showed that it first received notice of his accident on April 23, 2020. Both dates are beyond sixty days after November 21, 2019. Due to the late notice, Mr. Wright does not qualify to apply for payment from the UEF.

**IT IS, THEREFORE, ORDERED** as follows:

1. April Crowder doing business as Mr. P's Buffalo Wings Plus shall pay Mr. Wright's $13,079.80 in medical expenses he incurred from his accident.

2. April Crowder doing business as Mr. P's Buffalo Wings Plus shall pay Mr. Wright $1,720.00 in temporary total disability benefits.

3. Mr. Wright is not eligible to apply for payments from the UEF.

4. This case is set for a status conference on Monday, February 14, 2022, at 9:00 a.m. (CST). The parties must call 615-532-9552 or 866-943-0025 toll-free to participate in the hearing.

5. Unless interlocutory appeal of the expedited hearing order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). Ms. Crowder must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Penalty Unit by email at WCCompliance.Program@tn.gov.

**ENTERED December 6, 2021.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

4

## **APPENDIX**

Exhibits:

1. Affidavit of Rhashard Wright
2. Expedited Request for Investigation
3. Medical bills filed with the REH
4. Photographs of injury

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

## CERTIFICATE OF SERVICE

A copy of this order was sent as indicated on December 6, 2021.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Rhashard Wright | | | X | Rhashardwright@yahoo.com |
| April Crowder | X | | | Mr. P's Buffalo Wings Plus 1105 N. Houston Levee Rd. Cordova, TN 38018 |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*